Filed 6/24/25  Rampersad v. Cambridge Sierra Holdings CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| RASHANN RAMPERSAD, Individually and as Successor in Interest, etc. et al., | D085450 |
| Plaintiffs and Respondents, | |
| v. | (Super. Ct. No. CIVSB2327295) |
| CAMBRIDGE SIERRA HOLDINGS, LLC, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Bernardino County, Stephanie Tanada, Judge.  Affirmed in part, reversed in part and remanded with directions.

Pleiss Sitar McGrath Gates & Ajello, Laura K. Sitar and Sarv Homayounpour for Defendant and Appellant.

Peck Law Group, Steven C. Peck and Adam J. Peck for Plaintiffs and Respondents.

INTRODUCTION

This action arises from the death of a patient, Ruth Wesley, while she was under the care of a skilled nursing facility, Cambridge Sierra Holdings, LLC, doing business as Reche Canyon Regional Rehab Center (Reche Canyon).  Ruth's daughter and son, Rashann Rampersad and Jamaal Wesley (plaintiffs), filed a complaint asserting wrongful death and survivor claims.  Reche Canyon then moved to compel arbitration based on an agreement signed by Ruth.  The trial court denied the motion.  It ruled that the wrongful death claim was not arbitrable because it was brought by the plaintiffs in their individual capacities, and the plaintiffs had not signed the agreement.  The court then exercised its discretion under Code of Civil Procedure section 1281.2, subdivision (c) (section 1281.2(c)), which allows courts to decline to compel arbitration where "there is a possibility of conflicting rulings on a common issue of law or fact," and denied the motion as to the complaint's remaining survivor claims.

On appeal, Reche Canyon raises a single claim of error.  It contends the trial court erred by invoking section 1281.2(c) because the arbitration agreement selected the Federal Arbitration Act (FAA), 9 U.S.C. § 1 et seq. as the source of procedural provisions for enforcing the agreement.  We agree and conclude the order must be reversed in part to the extent it denied the petition as to the survivor claims.

FACTUAL AND PROCEDURAL BACKGROUND

We derive the following factual background from the allegations of the complaint.  On March 27, 2022, Ruth, who was at least 65 years old, was admitted to Reche Canyon after receiving medical treatment for a spinal condition.  On April 4, she was discovered unresponsive, with no pulse.  An autopsy showed she died of a massive stomach bleed and pulmonary

2

embolism. The autopsy report noted that patients should be carefully monitored after undergoing back surgery.

In October 2023, plaintiffs filed a lawsuit against Reche Canyon and its administrator, Alisha Vinson. They sued on behalf of themselves individually and as Ruth's successors-in-interest. They alleged that Reche Canyon failed to provide Ruth with adequate medical care, including in that its nursing staff failed to respond appropriately when Ruth complained of severe stomach and back pain. Their complaint asserted causes of action for (1) elder abuse (Welf. & Inst. Code, § 15610.57), (2) violation of residents' rights (Health & Safety Code, § 1430, subd. (b); Cal. Code Regs., tit. 22, §§ 72315, 72527, subd. (a)(3), (12), (25)), and (3) wrongful death. They sought general, special, and punitive damages as well as attorney fees and costs.

Reche Canyon petitioned to compel arbitration of all causes of action in the complaint. Its petition was based on an arbitration provision in an optional binding arbitration agreement (agreement) that Ruth signed shortly after she was admitted. The agreement provided that "[a]ny and all claims or controversies arising out of or in any way relating to this Agreement, the Facility or any of the Resident's stays at the Facility . . . , whether arising out of State or Federal law or Medicare regulation, . . . shall be submitted to binding arbitration." It also included a paragraph titled "**Procedural Rules and Substantive Law**" that stated: "The Arbitrator shall utilize the Federal Rules of Civil Procedure and the Federal Rules of Evidence as guidelines to govern the procedural and evidentiary matters during the arbitration hearing. The Arbitrator shall apply, and the arbitral award shall be consistent with, the State substantive law (including any and all statutory damage caps) for the State in which the Facility is located. The parties agree that this Agreement involves interstate commerce and this agreement shall

3

be construed and enforced in accordance with and governed by the Federal Arbitration Act [(FAA), 9 U.S.C. § 1 et seq.]."

Based on the language stating the agreement was to be "construed and enforced in accordance with and governed by the FAA," Reche Canyon argued the procedural provisions of the FAA rather than California law governed its petition. It further argued that all of the plaintiffs' claims should be compelled to arbitration because all of them fell within the scope of the agreement's arbitration provision. It sought a stay of the action pending arbitration.

In opposition, plaintiffs argued their wrongful death claim was not arbitrable because it was brought by them individually and they had not signed the agreement. They invoked section 1281.2(c) and argued the trial court should decline to compel arbitration of the complaint's survivor claims because of the risk of inconsistent rulings on common questions of law or fact if the survivor claims but not the wrongful death claim were ordered to arbitration. They also raised other arguments not relevant to this appeal.[1]

Reche Canyon replied that plaintiffs' reliance on section 1281.2(c) was misplaced because the enforcement of the agreement was governed by the FAA, which contains no provision equivalent to section 1281.2(c). It also argued that the wrongful death claim was, in fact, subject to arbitration,

---

[1]    Among other things, plaintiffs argued that Vinson was not bound by the agreement. Reche Canyon responded that Vinson had not yet been served with the complaint and plaintiffs' counsel had agreed to dismiss her from the action. As Vinson was not a party to the action nor the petition to compel arbitration, and the parties have not presented any arguments on appeal as to whether Vinson should or should not be included in any order compelling arbitration, we have no occasion to address this question. (*Tiernan v. Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 216, fn. 4 [reviewing court need not address issue not raised on appeal].)

4

although it withdrew this position and conceded the nonarbitrability of the wrongful death claim at the hearing on the petition.

The trial court denied the petition. Based on Reche Canyon's concession, it ruled that plaintiffs' wrongful death claim "should remain in the trial court." On the question of whether to deny arbitration of the plaintiffs' remaining claims under section 1281.2(c), the court found "the procedural aspects of the FAA do not apply" because the agreement "does not expressly adopt the FAA procedural rules." It reasoned that the agreement "only specifically adopts the FAA for construction and enforcement, not procedure." Having concluded that the FAA's procedures did not apply, it elected to exercise its discretion under section 1281.2(c) and denied the petition.

DISCUSSION

Reche Canyon argues the trial court erred by denying the petition to compel arbitration in its entirety. Specifically, Reche Canyon contends the court incorrectly concluded that the agreement did not expressly incorporate the procedural provisions of the FAA, such that it retained the authority to deny the petition under section 1281.2(c). On our de novo review (*Victrola 89, LLC v. Jaman Properties 8 LLC* (2020) 46 Cal.App.5th 337, 355 (*Victrola*)), we agree with Reche Canyon and conclude the order must be reversed as to the complaint's survivor claims.

Notwithstanding the existence of a binding arbitration agreement, section 1281.2(c) of the California Arbitration Act (CAA) gives trial courts discretion to stay or deny arbitration when "[a] party to the arbitration agreement is also a party to a pending court action . . . with a third party" that "aris[es] out of the same transaction or series of related transactions and there is a possibility of conflicting rulings on a common issue of law or fact."

5

However, the FAA "does *not* permit a trial court to stay or deny arbitration in those circumstances." (*Valencia v. Smyth* (2010) 185 Cal.App.4th 153, 157 (*Valencia*).) Thus, whether a court can elect to stay or deny arbitration in a given enforcement proceeding depends on whether the CAA or the FAA governs that proceeding.

This question, in turn, depends on the content of the arbitration agreement. "In *Volt Info. Sciences v. Leland Stanford Jr. U.* (1989) 489 U.S. 468 . . . the United States Supreme Court held that the [FAA] . . . does not preempt the application of section [1281.2(c)]" where the parties have "agreed that their arbitration agreement would be governed by the law of California." (*Cronus Investments, Inc. v. Concierge Services* (2005) 35 Cal.4th 376, 380, (*Cronus*).) In *Cronus*, our high court held the FAA also does not preempt the application of section 1281.2(c) where "the parties agreed that their arbitration agreement would be governed by California law, but they further agreed that the designation of California law 'shall not be deemed an election to preclude application of the [FAA], if it would be applicable.' " (*Cronus*, at p. 380.) The Court clarified, however, that this holding "does not preclude parties to an arbitration agreement to *expressly* designate that any arbitration proceeding should move forward under the FAA's procedural provisions rather than under state procedural law." (*Id.* at p. 394.)

Thus, under *Cronus*, whether the procedural provisions of the FAA rather than the CAA apply depends on whether the parties have "*expressly* designate[d]" this in the arbitration agreement. (*Cronus, supra,* 35 Cal.4th at p. 394.) Here, the alleged express designation is the contractual phrase "this agreement shall be construed and enforced in accordance with and governed by the [FAA]." The parties have not cited, and we have not located, a published case analyzing this exact language. However, in *Victrola*, *supra*,

46 Cal.App.5th at pages 346 to 348, our colleagues in the Second District analyzed a nearly identical phrase—" 'Enforcement of this agreement to arbitrate shall be governed by the [FAA]' "—and concluded that it did constitute the required express designation.

This holding from *Victrola* turned on the contractual word "enforcement." The *Victrola* court observed that another appellate court (*Mount Diablo Medical Center v. Health Net of California, Inc.* (2002) 101 Cal.App.4th 711 (*Mount Diablo*)) had interpreted contractual language "stating the agreement's 'validity, construction, interpretation and *enforcement*' would be governed by California law" to compel the application of state procedural law. (*Victrola, supra,* 46 Cal.App.5th at pp. 346–347 [cleaned up], quoting *Mount Diablo,* at pp. 716, 722, italics added.) It noted that *Mount Diablo* had specifically held the " 'explicit reference to enforcement reasonably includes such matters as whether proceedings to enforce the agreement shall occur in court or before an arbitrator.' " (*Victrola,* at p. 347, quoting *Mount Diablo,* at p. 722.)

*Victrola* further observed that another court (*Valencia, supra,* 185 Cal.App.4th at p. 153) had distinguished *Mount Diablo* where the subject arbitration agreement stated that its interpretation would be governed by the FAA, but did *not* mention "enforcement." (*Victrola, supra,* 46 Cal.App.5th at pp. 347–348.) Concluding that this language was not sufficient to displace section 1281.2(c), the *Valencia* court stated, "We do not read *Mount Diablo* to suggest that an explicit reference to 'interpretation,' by itself, would determine the applicable procedural law." (*Victrola,* at p. 348, quoting *Valencia,* at p. 179 [cleaned up].)

The *Victrola* court concluded: "If, as the courts in *Mount Diablo* and [*Valencia*] held, contracting parties' explicit reference to 'enforcement' under

7

California law required the trial court to consider any motions to compel arbitration under the CAA, it follows that the instant parties' reference to 'enforcement' under the FAA required the court to consider the [moving parties'] motion to compel arbitration under the FAA." (*Victrola, supra,* 46 Cal.App.5th at p. 348.) The court went on to observe that this interpretation was supported by chapter 2 of title 9 of part 3 of the Code of Civil Procedure, which encompasses the procedural provisions for "how arbitration agreements are enforced," is entitled " '<u>Enforcement of Arbitration Agreements</u>.' " (*Victrola,* at p. 348.)

Reche Canyon argues that under *Victrola,* the language of the agreement in this case stating the agreement "shall be . . . enforced in accordance with and governed by the [FAA]" is properly interpreted as an express designation of the procedural provisions of the FAA. We agree. *Victrola*'s analysis is sound, and the similarity of the language of the arbitration agreements at issue in that case and this one persuade us to reach the same conclusion here. *Victrola* also reveals the flaw in the trial court's reasoning in this case. The trial court ruled that the arbitration agreement lacked the required express designation because it merely adopted the FAA "for construction and enforcement, not procedure." But what this analysis overlooked is that by stating the FAA would govern the agreement's "enforcement," the agreement *did* designate the FAA for "procedure." (*Mount Diablo, supra,* 101 Cal.App.4th at p. 722; *Victrola, supra,* 46 Cal.App.5th at p. 347.)

We do not find plaintiffs' arguments to the contrary persuasive. They assert, first, that the contractual phrase that designates the FAA's procedural provisions "by its very terms applies 'during the arbitration hearing.' " (Italics omitted.) Their assertion is simply incorrect. The

8

contractual language they are referring to is the first sentence of paragraph D.6. of the agreement, which states, "The Arbitrator shall utilize the Federal Rules of Civil Procedure and the Federal Rules of Evidence as guidelines to govern the procedural and evidentiary matters during the arbitration hearing." This sentence does not reference the FAA, and it is not the sentence that Reche Canyon argues, and we conclude, contains the phrase that constitutes an express designation of the FAA's procedural provisions. We therefore reject plaintiffs' first argument.

Next, plaintiffs attempt to distinguish *Victrola* as a case that "concerned a real estate transaction" in which "the 'diverse parties' were *defendants* that had a unity of interest in enforcing an arbitration agreement despite the fact that they were not all parties to it." They argue that "the essential element of the possibility of conflicting rulings" therefore "did not exist in *Victrola*." This effort to distinguish *Victrola* fails, however, because it ignores the actual basis for *Victrola*'s holding. *Victrola* rejected the application of section 1281.2(c) because the FAA's procedural provisions governed the arbitration proceeding, not because an essential element of section 1281.2(c) was missing. (See *Victrola*, *supra*, 46 Cal.App.5th at pp. 346–352.)

Finally, plaintiffs assert that the trial court retained the discretion to invoke section 1281.2(c) even though the agreement "states it is governed by the FAA." (Capitalization and boldface omitted.) None of the authorities they cite stand for this proposition, nor do they offer a developed argument showing their assertion is true. For example, plaintiffs cite cases that address whether the FAA displaces California law as a matter of federal preemption. (See, e.g., *Rosenthal v. Great Western Fin. Securities Corp.* (1996) 14 Cal.4th 394, 408, 410.) However, the question here is not whether

9

the FAA applies as a matter of federal preemption but whether it applies as a matter of choice of law. As the court explained in *Valencia*, "In accordance with choice-of-law principles, the parties may limit the trial court's authority to stay or deny arbitration under the CAA by adopting the more restrictive procedural provisions of the FAA." (*Valencia, supra,* 185 Cal.App.4th at p. 157; see *Cronus, supra,* 35 Cal.4th at p. 394 ["Our opinion does not preclude parties to an arbitration agreement to *expressly* designate that any arbitration proceeding should move forward under the FAA's procedural provisions rather than under state procedural law."].)

Plaintiffs also cite authorities holding the CAA generally governs procedures for enforcing arbitration agreements in California courts, whereas the FAA generally governs procedures for enforcing arbitration agreements in federal courts. Again, however, the courts of this state, including our high court in *Cronus*, have concluded that this general rule can be altered by agreement. (See *Cronus, supra,* 35 Cal.4th at p. 394; *Valencia, supra,* 185 Cal.App.4th at p. 157; *Victrola, supra,* 46 Cal.App.5th at pp. 346–348.)

In short, plaintiffs' authorities are inapposite, and they fail to persuade us that the trial court retained discretion to invoke section 1281.2(c) notwithstanding that the FAA governed the proceeding.

## DISPOSITION

The order is affirmed in part to the extent it denied the petition to compel arbitration of the wrongful death cause of action and reversed in part to the extent it denied the petition as to the remaining causes of action. On remand, the trial court shall vacate its February 22, 2024 order denying Reche Canyon's petition to compel arbitration and enter a new order denying the petition as to the wrongful death cause of action and granting the petition

10

as to the remaining causes of action.  Reche Canyon is entitled to recover its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1).)

                                                                                              DO, J.

 WE CONCUR:


O'ROURKE, Acting P. J.


KELETY, J.